## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**DARREL LINN MOSS**,

Debtor.

Case No. **12-61093-7**

# MEMORANDUM OF DECISION

At Butte in said District this 13th day of August, 2013.

Pending in this Chapter 7 case are: (1) Motion to remove void judgment against Creditors' property (Docket No. 60) filed on March 26, 2013, by Sharon Boyce ("Boyce") and Kyeann Sayer ("Sayer"), members of former Tupi Plain, LLC ("Tupi Plain") (together referred to as the "Creditors"), which replaced the Creditors' Motion to remove lis pendens (Dkt. 35); (2) Trustee's Objection (Dkt. 38/40/45/51) to allowance of Creditors' amended Proof of Claim No. 6 based on the res judicata and collateral estoppel effect of Montana state court orders and judgment entered against Creditors in the Montana Fourth Judicial District Court, Cause No. DV-10-961; (3) Trustee's motion (Dkt. 48) requesting the Court take judicial notice of pleadings, orders and notice of judgment entered in case DV-10-961, and Creditors' objections thereto; and (3) Trustee's amended motion (Dkt. 64) to strike Creditors' objection to the Trustee's motion to take judicial notice as moot and untimely. After a hearing on these contested matters, review of the parties' Exhibits ("Ex."), briefs, and applicable law, these matters are ready for decision. For the reasons set forth below the Trustee's Objection to Creditors' claim will be sustained and amended Proof of Claim 6 will be disallowed. The Trustee's motion to strike will be denied and

1

Creditors' objection to Trustee's motion to take judicial notice is moot; and Creditors' motion to remove void judgment will be denied.

This Court has jurisdiction in this Chapter 7 case under 28 U.S.C. § 1334(a).  Allowance of claims, determination of the validity of liens and matters concerning the administration of the estate are core proceedings under 28 U.S.C. § 157(b)(2).  This Memorandum includes the Court's findings of fact and conclusions of law.

The hearing on these contested matters was held at Missoula on April 11, 2013.  The Trustee Richard J. Samson appeared.  Sharon Boyce appeared pro se.  The parties stipulated to the admission of all exhibits, an d Exhibits ("Ex.") A, B, C, D, E, F, G, H, I, and 1 - through - 29 all were admitted into evidence without objection[1].  At the conclusion of the hearing the Court granted the parties time to filed memoranda of law, which have been filed and reviewed by the Court, together with the record and applicable law.

**BACKGROUND FACT & PROCEDURAL HISTORY**

The relevant facts are not subject to reasonable dispute.  Darrel Linn Moss ("Moss" or "Debtor") practiced law in Montana through Moss & Associates, LLC ("Moss & Associates").  Among Moss & Associates' clients was Tupi Plain, the members of which were Boyce and Sayer.  Moss & Associates commenced Case DV-10-961 against Creditors to recover for nonpayment of legal services provided on behalf of Tupi Plain.  Boyce moved to dismiss for insufficiency of process.  Ex. 1.

---

[1]Admission of Exhibits A (same as Ex. 14), C (18), E (20) and I (28) rendered moot the Creditors' objection to the Trustee's motion to take judicial notice of those same documents, as well as the Trustee's motion to strike Creditors' objection to judicial notice, since the documents for which judicial notice was disputed were admitted into evidence by stipulation of the parties.

Plaintiff requested a default against Tupi Plain, then moved for entry of a judgment by default on November 10, 2010.  Ex. 4.  On December 30, 2010, Boyce and Sayer signed a members' resolution to dissolve Tupi Plain.  Ex. 5.  They then filed articles of termination for Tupi Plain on January 13, 2011.  Ex. 6.  The state court entered an order in DV-10-961 on March 15, 2011, denying Creditors' motion to dismiss and granting plaintiff's motion for entry of judgment against Tupi Plain.  Ex. 7.  A default judgment was entered against Tupi Plain in the amount of $49,267.87 on March 15, 2011.  Ex. 8.

Plaintiff in DV-10-961 filed an amended complaint dated March 17, 2011, after Moss learned of a transfer of real property from Tupi Plain to Boyce and Sayer, to recover a fraudulent transfer.  Ex. 9, C.  Sayer and Boyce filed counterclaims against third-party defendant Moss in DV-10-961 on August 8, 2011.  Ex. 10 is Creditors' amended counterclaim, and it avers claims against Moss based on breach of contract, malpractice, breach of fiduciary duty, fraud, and intentional infliction of emotional distress.

Moss was transferred to inactive status by the State Bar of Montana on August 29, 2011, for noncompliance with the Montana Supreme Court's Rules of Continuing Education.  Ex. 11. Ex. 12 shows that Moss & Associates was involuntarily dissolved as of December 1, 2011. However, Moss continued to file motions and other documents in DV-10-961 after he was transferred to inactive status, including filling motions for summary judgment, motion for judgment on the pleadings and motions to compel discovery responses.  Ex. 13.  Moss has now been disbarred from the practice of law by the Montana Supreme Court and the U.S. District Court for the District of Montana.

On February 16, 2012, the state court entered an opinion and order, Ex. A/Ex. 14[2].  The Court found that Boyce and Sayer failed to comply with discovery, and further found that Tupi Plain remained a business entity for purposes of winding up its affairs following dissolution.  Ex. A.  In Ex. A the court granted Moss's motion for judgment on the pleadings against Boyce and Sayer on all counts of their counterclaims, finding that Boyce and Sayer could not assert claims of Tupi Plain in their own name or on their own behalf against Moss.

In addition, the court granted plaintiff's motion for partial summary judgment against Boyce and Sayer, finding that they operated Tupi Plan as their alter ego with the purpose and intent to defraud and hinder creditors.  The Court granted plaintiff summary judgment against Boyce and Sayer on plaintiff's claims in the amount of $49,267.87 plus interest, costs and attorney fees, for a total award in the amount of $55,950.37.  Ex. A.  The court also granted plaintiff's motion for summary judgment dismissing Boyce and Sayer's counterclaims against the plaintiff, again because Boyce and Sayer were not parties to the agreement with Moss & Associates for representation.  Ex. A.  Lastly, the court granted plaintiff's motion for summary judgment on its fraudulent transfer claim based upon a quit claim deed of real property from Tupi Plain to Boyce and Sayer for no consideration.  Ex. A.  The court granted plaintiff time to submit proof of fees and costs to be added to the judgment.  Ex. A.

On March 16, 2012, Boyce and Sayer filed objections to the court's opinion and order alleging errors, one of the most notable of which they stated "that it is predicated on a void judgment." Ex. 15.  Boyce and Sayer filed a petition for writ of supervisory control with the

---

[2]Ex. A and Ex. 14 are the same opinion and order.  For clarity the Court will refer to Ex. A for both.

4

Montana Supreme Court.  On July 3, 2012, the Montana Supreme Court issued an order denying

the petition for writ of supervisory control.  Ex. B.  The Montana Supreme Court found that the

factors for supervisory control had not been met and that an ordinary appeal would afford an

adequate remedy.  Ex. B[3].

Debtor Darrel Linn Moss ("Moss" or "Debtor") filed his Chapter 7 petition on July 3,

2012, with his Schedules and Statement of Financial Affairs ("SOFA") which he signed under

penalty of perjury.  Richard J. Samson was appointed Chapter 7 Trustee.  A discharge of the

Debtor was entered on December 5, 2012.

Creditors filed notice of Debtor's bankruptcy in DV-10-961.  Ex. 17.  Despite the

bankruptcy filing, activity continued in DV-10-961.  On July 19, 2012, the court in DV-10-961

entered an order, Ex. C/18, awarding plaintiff fees and costs and characterizing Boyce's and

Sayer's actions throughout the proceedings "both fraudulent and frivolous."  The court awarded

plaintiff attorneys' fees in the amount of $43,584.00 and costs of $1,646.97.  On July 26, 2012,

the state court entered judgment against Creditors, jointly and severally, in the sum of

$101,181.34.  EX. D/19.  Notice of the judgment was served on Creditors by Moss on July 30,

2012.  Ex. E/20.  Moss recorded notice of entry of the judgment on July 30, 2012.  Ex. 21.

On August 14, 2012, in Moss's disciplinary proceedings in the Montana Supreme Court,

the court suspended Moss for at least seven months effective that date.  Ex. 22.  As noted above,

Moss has subsequently been disbarred.  On August 20, 2012, Creditors filed in DV-10-961 a

"Notice of Issues" alerting the state court of Moss's inactive status, disciplinary proceedings,

---

[3]The court observed:  "Use of charged words or words of emphasis does not establish the
truth of unsupported assertions.  For example, characterizing the dispositive judgment as 'void,'
does not make it so."  Ex. B.

malpractice insurance, bankruptcy, and dissolution of the plaintiff, which they argued were grounds rendering the court's orders and judgment void.  Ex. 23.

Boyce and Sayer filed a notice of appeal of the state court judgment on August 27, 2012, Ex. F, without requesting or obtaining relief from this Court from the automatic stay.  Moss filed a motion to dismiss the appeal of Tupi Plain, Ex. 26, and the Trustee filed a notice of the filing of the above-captioned bankruptcy case, Ex. 27.  On September 20, 2012, Creditors moved to voluntarily dismiss their appeal, Ex. G, and their appeal was dismissed by the Montana Supreme Court on September 24, 2012, Ex. H.

On September 17, 2012, the state court entered an order, Ex. I/Ex. 28, denying all relief requested by Creditors in Ex. 23, and determining that the July 26, 2012, judgment was a final and enforceable order.  The court rejected Creditors' new theories because none of the new theories were raised before entry of the final judgment, Ex. D/19.

Debtor's Schedule B lists personal property, including Debtor's stock and interests in Moss & Associates, described as a dissolved corporation winding up its affairs through which Moss practiced law, valued at $0.  Schedule F lists Boyce, Sayer and Tupi Plain as creditors holding unliquidated, disputed, unsecured nonpriority claims claim incurred from September 2009 through March 2010 described as alleged tort claims of a "Member of former LLC client" or "former client."

Debtor's SOFA, at the continuation sheets, states that the Debtor earned income through Moss & Associates in 2010 and 2011, and since then his income was from monthly plasma donations.  Among lawsuits listed at item 4, the SOFA lists Cause No. DV-10-961, described as a civil action by Moss & Associates to recover fees and costs owed by the client for services

rendered.  The SOFA states that judgment was entered in Debtor's favor and he awaits further ruling on costs and fees.

Creditors filed Proof of Claim No. 6 on December 11, 2012, asserting an unsecured nonpriority claim in the amount of $533,898.33 based on their counterclaims against the Debtor Moss in Cause No. DV-10-961.  The amended counterclaim attached to Claim 6, dated August 6, 2011, alleges Creditors' counterclaims against Moss for breach of contract, malpractice, breach of fiduciary duty, fraud.  The Trustee filed objections to Claim 6.

On February 22, 2013, Creditors filed an amended Proof of Claim 6 correcting their calculation of the claim for treble damages, fees and costs, and reducing the amount of their total claim to $440,228.33.  The Trustee filed objections to Creditors' amended Claim 6.  The Trustee's objection is based on the res judicata and collateral estoppel effect of the state court's orders and judgment against the Creditors, including the state court's summary judgment against Creditors on their counterclaims.  Creditors replied contending that the state court decision and judgment dismissing their counterclaim against the Debtor were stayed by the automatic stay of 11 U.S.C. § 362, that the state court judgment against Tupi Plain is not final, and the state court erred and lacked jurisdiction when it entered the judgment against Tupi Plain because it was a dissolved corporation.

On March 4, 2013, the Trustee filed a motion requesting this Court to take judicial notice of opinions, orders, and notice of entry of judgment entered in DV-10-961.  The Court granted the motion and took judicial notice of the items listed in the motion "to the extent permitted under the Federal Rules of Evidence" by Order entered on March 5, 2013.  On March 20, 2013, Creditors filed an objection to the Court taking judicial notice of the orders and notice in DV-10-

7

961, repeating their contention that all proceedings in state court were subject to the automatic stay and therefore void, and this Court should not take judicial notice of void orders and judgment.

On April 5, 2013, the Trustee filed an amended motion to strike as moot Creditors' objection to the motion to take judicial notice, on the grounds that the objection was untimely filed more than 14 days after the date of the order.  Creditors filed an objection to the motion to strike, arguing that their objection is timely because of the 3-day "mailing rule" granted under Montana Local Bankruptcy Rule 9006-1, their objection was not a pleading subject to being stricken and the order was not appealable.  At the hearing on April 11, 2013, the Trustee and Boyce stipulated to admission of all of their exhibits, and all exhibits were admitted without objection.  Included in the admitted exhibits were the four exhibits which were the subject of the Trustee's motion to take judicial notice, Ex. A/14, E/20, and I/28.

## DISCUSSION

The Court begins by acknowledging that Boyce and Sayer are pro se.  Courts have a duty to construe pro se pleadings liberally, including pro se motions.  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  Also, while a non-attorney may appear pro se on his or her own behalf, that privilege is personal to him or her.  "He has no authority to appear as an attorney for others than himself."  *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997), quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (other citations omitted).

### A.  Judicial Notice.

Creditors' objection to the Court taking judicial notice of the state court's orders, Ex.

8

A/14 and C/18, notice of entry of judgment of July 30, 2013 (Ex. E/20), and another order dated September 17, 2012 (Ex. I/28), on the grounds they are void.  Creditors argue they are void because the state court lacked jurisdiction over Tupi Plain because it no longer existed and could not sue or be sued, and the judicial actions by the state court or party were void because of the automatic stay which took effect on July 3, 2012.  Creditors contend that they filed counterclaims against Moss in the DV-10-961, and after the bankruptcy petition date of July 3, 2012, the state court was stayed from entering judgment of any kind and its orders and judgment were void, and therefore this Court cannot not take judicial notice of them.  In addition, Creditors vehemently dispute the state court's order of July 19, 2012, because it contained a "grossly erroneous" award for the Debtor Moss and this Court should not take judicial notice of it.  They argue that Moss was suspended or disbarred since August 29, 2011, and should not have been entitled to represent the dissolved Moss & Associates in state court, and thus all the state court decisions rendered in CV-10-961 must be vacated.  Creditors dispute that their objection to the Trustee's motion to take judicial notice was untimely, because they are allowed 3 days for mailing under Rule 9006-1 and their objection was due no later than March 21, 2013, and their objection is not a motion subject to being stricken.

Under Rule 201, Fed. R. Evid., courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *see Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial systems, if those proceedings have a direct relation to matters at issue.'"), quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir.

1992). The court may use judicially noticed facts to establish that a claim does not state a claim for relief. *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). The court also can take judicial notice of papers filed in related litigation, *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).

The Court is puzzled at how the parties continue to argue the taking of judicial notice by the Court, when the parties stipulated to admission of the same documents into evidence at the April 11, 2013, hearing. The Trustee's motion asked for judicial notice of Ex. A/14, C/18, E/20, and I/28. Since each of these exhibits was offered by both parties, and each was admitted into evidence without objection and by stipulation of the parties in open court, the issue of whether the Court should have taken judicial notice of them is moot. The law is clear under Rule 201 that the Court may take judicial notice of adjudicative facts, which means that the Court may take the undisputed language of the documents to say what they say. Taking judicial notice does not necessarily mean that what documents say is entitled to any weight. But that becomes moot when all parties offer the same documents for admission into evidence, and stipulate to their admission. Whether or not the Court should have taken judicial notice of Ex. A/14, C/18, E/20, and I/28, is moot.

Thus, the Creditor's objection to the Trustee's motion requesting judicial notice is moot, and the Trustee's motion to strike Creditors' objection likewise is moot[4].

**B. Creditors' Motion to Remove Void Judgment.**

---

[4]Creditors filed their objection on March 20, 2013. The Order granting the Trustee's motion was entered on March 5, 2013. Under Rule 9006(f), where there is a right or requirement to act within a prescribed period and that service is by mail, three (3) days are added after the prescribed period would otherwise expire under Rule 9006(a). Given Creditors' pro se status, the Court deems the Creditors' objection timely filed within the 3 days added under Rule 9006(f) .

Creditors' motion to remove void judgment replaced their motion to remove lis pendens. Creditors' contend that the judgment by the state court acts was entered in violation of the automatic stay of § 362(a) and therefore the judgment is void and should be removed from all records.  As above, Creditors argue that Tupi Plain ceased to exist so the state district court lacked jurisdiction over Tupi Plain and all orders and judgments against it are void and unenforceable; the state court's postpetition orders and judgment are void in violation of the automatic stay and without legal effect; and any filings and rulings entered regarding Moss & Associates while Moss was barred from practicing law must be vacated.

Creditors' motion must be denied on procedural grounds.  It seeks to avoid Moss & Associates' judicial lien.  However, a proceeding to determine the validity or extent of a lien or other interest in property requires an adversary proceeding under F.R.B.P. Rule 7001(2). Although this Court must construe the pro se Creditors' motion liberally, in the Ninth Circuit pro se litigants are not excused from compliance with the rules.  *Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. BAP 2002); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Creditors cannot shortcut the procedural protections to which Debtor is entitled under Rule 7001(2) by filing a motion inappropriately.  *In re Erickson*, 18 Mont. B.R. 46, 48 (Bankr. D. Mont. 1999).

By contrast the Debtor, under 11 U.S.C. § 522(f)(1)(A), is specifically authorized to avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled.  However, lien avoidance under the plain language of § 522(f)(1) is limited to the debtor.  No other party, including Creditors in the instant case, may utilize § 522(f)(1) for lien avoidance, and no other provision of the Bankruptcy

Code is available to Creditors to void Moss & Associates' lien other than Rule 7001(2).  Since they have not commenced an adversary proceeding, the Court must deny Creditors' motion to remove void judgment on procedural grounds.

Likewise on the merits, Creditors' motion to remove void judgment would fail since it is not in conformity with binding Ninth Circuit case law about the scope of the automatic stay.  The Debtor's filing of his Chapter 7 bankruptcy petition gave rise to an "automatic stay."  11 U.S.C. § 362(a).  Section 362(a)(1) stays "the commencement or continuation, . . . , of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . or to recover a claim against the debtor that arose before the commencement of the case . . . ."  The Ninth Circuit has stated repeatedly the broad scope of the automatic stay as "one of the most important protections in bankruptcy law."  *See In re Risner*, 317 B.R. 830, 835 (Bankr. D. Idaho 2004), quoting *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214-15 (9th Cir. 2002); *Hillis Motors, Inc. v. Haw. Auto Dealers' Assoc.*, 997 F.2d 581, 585 (9th Cir. 1993).  The Ninth Circuit construed the automatic stay in *In re Gruntz*, 202 F.3d 1074, 1081-82 (9th Cir. 2000):

> The automatic stay is self-executing, effective upon the filing of the bankruptcy petition.  *See* 11 U.S.C. § 362(a); *The Minoco Group of Companies v. First State Underwriters Agency of New England Reinsurance Corp.* (*In re The Minoco Group of Companies*), 799 F.2d 517, 520 (9th Cir.1986).  The automatic stay sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other proceedings against the debtor, enforcement of prior judgments, perfection of liens, and "any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6).

On the other hand, the automatic stay does not apply to suits against non-debtors and does not protect their property.  *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1095 (9th Cir. 2007); *See*

*Chugach Timber Corp. v. N. Stevedoring & Handling Corp. ( In re Chugach Forest Prods., Inc.),* 23 F.3d 241, 246 (9th Cir.1994) (summarizing cases). In addition, the clear language of § 362(a) stays only proceedings against a debtor, and does not address actions brought by the debtor which would inure to the benefit of the estate. *In re Palmdale Hills Prop., LLC,* 654 F.3d 868, 875 (9th Cir. 2011); *see also Mar. Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3rd Cir. 1991), citing *In re Berry Estates,* 812 F.2d 67, 71 (2d Cir.), *cert. denied,* 484 U.S. 819, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987).

Creditors are not the debtor in this Chapter 7 case, or in any other bankruptcy case shown by the record. The automatic stay did not apply to Moss & Associates' state court action against Creditors, and did not protect Creditors' property. *Palmdale Hills,* 654 F.3d at 875; *Chugach,* 23 F.3d at 246. The stay did not prevent the Debtor in DV-10-961 from continuing to prosecute his own claims and motion for summary judgment and motion for judgment on the pleadings, all of which were granted by the state court before the petition date. *Palmdale Hills,* 654 F.3d at 875. Neither did the stay prevent the Creditors as defendant from protecting their interests against claims brought by the Debtor. *Id.*

Creditors argue that *Palmdale Hills* is distinguishable because it was a chapter 11 proceeding and no counterclaims existed at the inception of the case against the plaintiff who later became a debtor. *Palmdale Hills* is not distinguishable. A petition filed under any chapter of Title 11, U.S.C., operates as a stay under § 362(a), except as provided in § 362(b) which does not apply. Ninth Circuit case law is binding precedent on this Court, and *Palmdale* was not limited by its terms to cases under Chapter 11. Creditors' argument that the state court orders and judgment entered against it in DV-10-961 are void in violation of the automatic stay is

13

contrary to binding Ninth Circuit precedent.  Their motion to remove void judgment will be denied.

### C.  Trustee's Objection to Amended Claim 6.

The Trustee contends that the state court's February 16, 2012, order, Ex. A/14, denied Creditors all relief and is a final decision which has preclusive effect.  Creditors argue that the Trustee's Objection to their claim fails because he did not described any of the specified and exclusive categories of prohibited claims listed in 11 U.S.C. § 502(b), so the court "shall allow" their claim.  Since the state court order and judgment are void by reason of violation of the automatic stay, Creditors contend, their claim remains contingent and must be allowed under § 502(b).  The Trustee responds that the state court ordered that Creditors have no valid claims against the Debtor, and that with Creditors' voluntary dismissal of their appeal the state court judgment is final and binding on Creditors that they have no claim.  Trustee notes that the state court's order of February 16, 2012, was entered months before the automatic stay took effect and denied their counterclaims, and the judgment in the Debtor's favor entered after the petition date did not violate the stay because it was in Debtor's favor, citing *Palmdale*, 654 F.3d at 875.

Creditors argue that the state court lacked jurisdiction over Tupi Plain after it ceased to exist, and Moss was barred from appearing in the state court on behalf of Moss & Associates because he was suspended or unlicensed, so all filings and rulings entered for Moss & Associates after August 29, 2011, are void and unenforceable.  The Trustee cites, from Ex. I/28, the state court decision rejecting Creditors' arguments against Moss on the grounds they failed to raise those issues before the final judgment was entered, and those issues were not properly before the court.  Since the state court judgment is final and non-appealable, the Trustee contends, res

14

judicata (claim preclusion) and collateral estoppel (issue preclusion) should be applied.

A proof of claim that is executed and filed in accordance with the Rules "shall constitute prima facie evidence of the validity and amount of the claim."  Rule 3001(f); *see also Garner v. Shier (In re Garner)*, 246 B.R. 617, 620 (9th Cir. BAP 2000) ("There is an evidentiary presumption that a correctly prepared proof of claim is valid as to liability and amount.").  A claim "is deemed allowed, unless a party in interest . . . objects."  § 502(a); *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Electric Co.,* 549 U.S. 443, 449, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

Upon objection, a bankruptcy court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."  § 502(b)(1).  The United States Supreme Court explained:

> Section 502(b)(1) disallows any claim that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." This provision is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy.  *See* 4 Collier ¶ 502.03[2] [b], at 502–22 (explaining that § 502(b)(1) is generally understood to "make available to the trustee any defense" available to the debtor "under applicable nonbankruptcy law"— i.e., any defense that the debtor "could have interposed, absent bankruptcy, in a suit on the [same substantive] claim by the creditor").
>
> This reading of § 502(b)(1) is consistent not only with the plain statutory text, but also with the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000). That principle requires bankruptcy courts to consult state law

15

in determining the validity of most claims. See *ibid.*

      Indeed, we have long recognized that the " 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having 'generally left the determination of property rights in the assets of a bankrupt's estate to state law.' " *Ibid.* (quoting *Butner v. United States*, 440 U.S. 48, 57, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); citation omitted). Accordingly, when the Bankruptcy Code uses the word "claim"—which the Code itself defines as a "right to payment," 11 U.S.C. § 101(5)(A)—it is usually referring to a right to payment recognized under state law. As we stated in *Butner*, "[p]roperty interests are created and defined by state law," and "[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." 440 U.S., at 55, 99 S.Ct. 914; accord, *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161, 67 S.Ct. 237, 91 L.Ed. 162 (1946) ("What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed is a question which, in the absence of overruling federal law, is to be determined by reference to state law").

*Travelers,* 549 U.S. at 450-51, 127 S.Ct. at 1204-05; *In re Fitness Holdings Int'l., Inc.*, 714 F.3d 1141, 1146 (9th Cir. 2013).

      The Trustee objects to Creditors' amended Claim 6 on the basis that it is unenforceable under applicable state law as determined by the court in DV-10-961.  The language quoted above from *Travelers*, 549 U.S. at 450-51, makes the state court's decisions and judgment available to the Trustee to object to Creditors' claim, regardless of whether the Trustee specifically cited § 502(b)(1).

      This Court discussed its longstanding rule governing allowance of claims *In re Eiesland*, 19 Mont. B.R. 194, 208-09 (Bankr. D. Mont. 2001):

      A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount.  F.R.B.P. 3001(f).  The Ninth Circuit recently explained the general procedure for allocating burdens of proof and persuasion in determining whether a filed claim is allowable in *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000):

A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See also Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. See Adv. Comm. Notes to Fed. R. Bankr.P. 9014.

Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm )*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed.1991)); *see also Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.

* * * *

"If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consol. Pioneer*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm*, 931 F.2d at 623.

*See also Knize*, 210 B.R. at 778; *Matter of Missionary Baptist Found. of Am.*, 818 F.2d 1135, 1143 (5th Cir.1987); *In re Stoecker*, 143 B.R. 879, 883 (N.D.Ill.1992), *aff'd in part, vacated in part*, 5 F.3d 1022 (7th Cir.), *reh'g denied* (1993).

Thus, the Bank's Proof of Claim No. 2 is *prima facie* evidence of the validity and amount of its claim under Rule 3001(f), and the Debtor has the burden of showing sufficient evidence and to "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell*, 223 F.3d at 1039 (quoting *Holm*). This Court finds that Eric, as the objecting party, has not produced sufficient evidence to cause the burden to revert to the Bank to prove the validity and amount of its claim. *Lundell*, 223 F.3d at 1039 (quoting *In re Consol. Pioneer*, 178 B.R. at 226).

17

The analysis under *Lundell v. Anchor Const. Specialists* was reiterated by the Ninth

Circuit *In re Los Gatos Lodge, Inc.*, 278 F.3d 890, 894 (9th Cir. 2002).  Then in 2006 the BAP, in

*Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706-07 (9th Cir. BAP 2006),

discussed clarification provided by the United States Supreme Court decision, *Raleigh v. Ill.*

*Dep't of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000), regarding the "prima

facie evidence" language in Rule 3001(f):

> The Supreme Court has clarified that the Rule 3001(f) "prima facie evidence" language does not address the burden of proof in an objection to claim proceeding. *Raleigh*, 530 U.S. at 22 n. 2, 120 S.Ct. 1951.
>
> It follows that, after *Raleigh*, Rule 3001(f) cannot be construed as allocating the burden of proof and, instead, operates merely as an evidentiary presumption that is rebuttable.
>
> The evidentiary presumption of a prima facie case operates to shift the burden of going forward but not the burden of proof. [*Garner v. Shier (In re Garner),* 246 B.R. 617, 622 (9th Cir. BAP 2000)]; *Diamant v. Kasparian (In re So. Cal. Plastics, Inc.)*, 165 F.3d 1243, 1248 (9th Cir. 1999) (although the creditor bears the ultimate burden of persuasion, the debtor must come forward with evidence to rebut the presumption of validity); 9 [COLLIER ON BANKRUPTCY ¶ 3007.01[1] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2006)] ("once this burden of going forward to overcome the presumption is met, the ultimate burden is on the claimant").  Hence, at best, Litton's $33,435.46 proof of claim was entitled to the Rule 3001(f) evidentiary presumption, which is capable of being rebutted.
>
> Assuming, without deciding, that the evidentiary presumption did apply, the mechanics of what it takes to rebut the Rule 3001(f) presumption are driven by the nature of the presumption as "prima facie" evidence of the claims validity and amount.  *Garner*, 245 B.R. at 621-22.  The proof of claim is more than "some" evidence; it is, unless rebutted, "prima facie" evidence.  *Id.*  One rebuts evidence with counter-evidence.  *Id.*

347 B.R. at 706-07.

In *Garvida* the objecting debtors satisfied their burden of going forward by proffering

evidence at a hearing proving they made payments, and as a result the burden shifted to the

creditor to prove the validity and amount of its claim, which it failed to prove when it failed to provide an accounting.  347 B.R. at 702, 707.  In the instant case, the Trustee has filed several exhibits consisting of orders, judgments against Creditors, and documents showing that Creditors' appeal of the adverse judgment in DV-10-961 was dismissed and the orders and judgments evidence by Ex. A/14, C/18, D/19, H, and I/28 are final and nonappealable.  Creditors offered almost all of the same exhibits and do not dispute that their appeal was dismissed.  Their argument that the orders and judgments are void based on the automatic stay, as explained above, is contrary to binding Ninth Circuit precedent.

Creditors raised several arguments about Moss's malpractice insurance, dissolution of Moss & Associates, Moss's inactivity and suspension from practice.  The court in DV-10-961 considered those arguments and rejected them.  Whether or not Creditors qualify for the evidentiary presumption under Rule 3001(f), the Trustee satisfied his burden to come forward with evidence to rebut the presumption of validity of the claim.  *Garvida*, 347 B.R. at 706-07.  The ultimate burden of persuasion returned to Creditors, and based on the state court decisions in DV-10-961 dismissing their counterclaims the Court finds that Creditors have failed their burden.

The Trustee argues that the theories of collateral estoppel (issue preclusion) and res judicata (claim preclusion) bar Creditors' Claim 6, because the state court decided the issues in DV-10-961.  The test in Montana to apply collateral estoppel (issue preclusion) is stated in *In re Estates of Swanson*, 2008 MT 224, ¶ 16, 344 Mont. 266, 187 P.3d 631:

> (1) the issue decided in the prior adjudication is identical with the one presented in the action in question;
> (2) there was a final judgment on the merits; and

(3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication;

*In re Houston*, 2008 WL 5971043 (Bankr. D. Mont. 2008); *see also Safeco Inc. Co. of Am. v. Liss*, 2000 MT 380, ¶¶ 45, 46, 48, 51, 303 Mont. 519, ¶¶ 45, 46, 48, 51, 16 P.3d 299, ¶¶ 45, 46, 48, 51.

Here, the evidence shows a final decision by the state court in DV-10-961 in Debtor's favor dismissing the Creditors' counterclaims, which they state in amended Proof of Claim 6 are the basis for their claim. The parties are the same. The issues in their counterclaim are identical and were decided by a final judgment. All three elements are present, and collateral estoppel (issue preclusion) bars Creditors from relitigating their amended Claim 6 in this bankruptcy case.

The Montana Supreme Court set out a four part test that must be met for res judicata or claim preclusion to apply in *In the Matter of B.P. and A.P.*, 2001 MT 219, ¶ 14, 306 Mont. 430, 433, 35 P.3d 291, 294: "[T]he parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter, and the capacities of the persons are the same in reference to the subject matter and the issues." This Court finds and concludes that all four parts are present in the instant case. The Debtor and Creditors are the same parties as in DV-10-961; the subject matter of the claim is the same; Creditor's counterclaim issues against Debtor in amended Claim 6 are the same and relate to the same subject matter and issues as in DV-10-961, and the capacities of the persons are the same in reference to the subject matter and the issues. The Court concludes that the elements for application of res judicata (claim preclusion) are present to bar Creditors from relitigating their amended Claim 6 in this bankruptcy case.

Another doctrine bars Creditors' claim in these circumstances. The Ninth Circuit

discussed the *Rooker-Feldman* doctrine in *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir.

2010):

> The *Rooker-Feldman* doctrine takes its name from two Supreme Court
> cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362
> (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103
> S.Ct. 1303, 75 L.Ed.2d 206 (1983). It stands for the relatively straightforward
> principle that federal district courts do not have jurisdiction to hear de facto
> appeals from state court judgments. [*Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir.
> 2003)]. The jurisdiction prohibition arises from a negative inference drawn from
> 28 U.S.C. § 1257 which grants jurisdiction to review state court decisions in the
> United States Supreme Court. *Kougasian v. TMSI, Inc.*, 359 F.3d 1136, 1139 (9th
> Cir. 2004) (citation omitted). Because it grants jurisdiction to the Supreme Court,
> section 1257 impliedly prohibits lower federal courts from reviewing state court
> decisions. *Id.*
>
> Stated simply, the *Rooker-Feldman* doctrine bars suits "brought by state-
> court losers complaining of injuries caused by state-court judgments rendered
> before the district court proceedings commenced and inviting district court review
> and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indust.
> Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1516, 161 L.Ed.2d 454 (2005). In practice,
> the *Rooker-Feldman* doctrine is a fairly narrow preclusion doctrine, separate and
> distinct from res judicata and collateral estoppel. *See Noel*, 341 F.3d at 1162-64.
>
> We have previously explained how federal courts should distinguish a
> forbidden de facto appeal of a state court decision that is barred by *Rooker-
> Feldman* from a suit that is barred by other preclusion principles. A suit brought
> in federal district court is a "de facto appeal" forbidden by *Rooker-Feldman* when
> "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a
> state court, and seeks relief from a state court judgment based on that decision."
> *Id.* at 1164. In contrast, if a plaintiff "asserts as a legal wrong an allegedly illegal
> act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction."
> *Id.*

In 2006 the Supreme Court repeated: "*Rooker-Feldman* is not simply preclusion by

another name. The doctrine applies only in 'limited circumstances,' *Exxon Mobil, supra*, at 291,

125 S.Ct. 1516, where a party in effect seeks to take an appeal of an unfavorable state-court

decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466,126 S.Ct. 1198, 1202,

163 L.Ed.2d 1059 (2006).

Earlier the Ninth Circuit explained the *Rooker-Feldman* doctrine as follows:

> In its routine application, the *Rooker-Feldman* doctrine is exceedingly easy. A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is a diversity of citizenship between the parties. *Rooker-Feldman* becomes difficult – and, in practical reality, only comes into play as a contested issue – when a disappointed party seeks to take not a formal direct appeal, but rather its de facto equivalent, to a federal district court.

*Noel v. Hall*, 341 F.3d at 1155.

The Ninth Circuit explained that the *Rooker-Feldman* doctrine is a statute-based doctrine based on negative inferences of relevant statutes, the modern day successors to which are 28 U.S.C. §§ 1331, 1332, and 28 U.S.C. 1257. 341 F.3d at 1154-55. However:

> Under the modern statutory structure, the principle that there should be no appellate review of state court judgments by federal trial courts has two particularly notable statutory exceptions: First, a federal district court has original jurisdiction to entertain petitions for habeas corpus brought by state prisoners who claim that the state court has made an error of federal law. 28 U.S.C. § 2254. Second, a federal bankruptcy court has original jurisdiction under which it is "empowered to avoid state judgments, *see, e.g.*, 11 U.S.C. §§ 544, 547, 548, 549; to modify them, *see, e.g.*, 11 U.S.C. §§ 1129, 1325; and to discharge them, *see, e.g.*, 11 U.S.C. §§ 727, 1141, 1328." [*In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) (en banc)].

*Noel v. Hall*, 341 F.3d at 1155. Neither of those two exceptions applies in the instant case, in which Creditors filed amended Claim 6 seeking to relitigate their counterclaims against the Debtor which were rejected by the decisions of the state court in DV-10-961, which was affirmed by the Montana Supreme Court.

Creditors might argue that *Rooker-Feldman* does not apply and this Court has

22

jurisdiction because of alleged fraud on the court committed by Moss in DV-10-961 when he failed to disclose his malpractice insurance, inactive status, suspension and sanction, dissolution of Moss & Associates, bankruptcy and other failures to disclose, all of which the state court rejected.  Ex. I/28.  One may argue, by asserting "as a legal wrong an allegedly illegal act or omission by an adverse party," that *Rooker-Feldman* does not bar jurisdiction."  *See, Noel v. Hall*, 341 F.3d at 1164. *Id.*  At first glance allegations of fraud on the court might appear to constitute an  "allegedly illegal act or omission" in which case *Rooker-Feldman* would not bar jurisdiction.  *Id.*  Under closer review, however, where any legal wrong is "an allegedly erroneous decision by a state court," *Rooker-Feldman* bars subject matter jurisdiction in federal district court under controlling Ninth Circuit law.  *Carmona*, 603 F.3d at 1050; *Noel v. Hall*, 341 F.3d at 1164.

The orders and judgments entered in DV-10-961 are final.  This Court finds and concludes that the *Rooker-Feldman* doctrine bars Creditors' amended Proof of Claim 6 asserted in this case by the losers in state court.  *Carmona*, 603 F.3d at 1050; *Noel v. Hall*, 341 F.3d at 1164.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction in this Chapter 7 case under 28 U.S.C. § 1334(a).

2. Allowance of claims, determination of the validity of liens and matters concerning the administration of the estate are core proceedings under 28 U.S.C. § 157(b)(2).

3. This Court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.  *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *see Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

23

4.   The parties stipulated to admission of the exhibits for which judicial notice was taken. As a result Creditors' objection to the Trustee's motion requesting judicial notice is moot, and Trustee's motion to strike Creditors' objection is moot.

5.   Creditors' motion to remove void judgment (which replaced their motion to remove lis pendens) constitutes improper procedure for failure to commence an adversary proceeding required under Rule 7001(2), F.R.B.P.

6.   The automatic stay does not apply to suits against non-debtors and does not protect their property. *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1095 (9th Cir. 2007); *See Chugach Timber Corp. v. N. Stevedoring & Handling Corp. ( In re Chugach Forest Prods., Inc.)*, 23 F.3d 241, 246 (9th Cir.1994) (summarizing cases).  In addition, the automatic stay does not address actions brought by the debtor which would inure to the benefit of the estate.  *In re Palmdale Hills Prop., LLC,* 654 F.3d 868, 875 (9th Cir. 2011).

7.   The Trustee satisfied the burden to come forward with evidence to rebut the evidentiary presumption of validity of amended Proof of Claim 6.  The ultimate burden of persuasion returned to Creditors, and based on the state court decisions in DV-10-961 rejecting their counterclaims the Creditors failed their burden.

8.   Creditors' amended Proof of Claim No. 6 is barred by the doctrines of collateral estoppel (issue preclusion), res judicata (claim preclusion), and the *Rooker-Feldman* doctrine.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above:  (1) Denying Creditors' Motion to Remove Void Judgment (Dkt. 60); (2) denying Trustee's motion to strike and overruling Creditors' objection to Trustee's motion for judicial notice as moot; and (3) sustaining the Trustee's Objections to Creditors' claim and disallowing amended Proof of

Claim No. 6 in its entirety.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana