## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**DARREL LINN MOSS**,

Debtor.

Case No.  **12-61093-7**

# MEMORANDUM OF DECISION

At Butte in said District this 12th day of November, 2013.

In this Chapter 7 case, after due notice a hearing was held at Missoula on November 7, 2013, on the motion to stay proceedings pending appeal filed on August 22, 2013 (Docket No. 88) by Sharon Boyce ("Boyce") and Kyeann Sayer ("Sayer"), members of former Tupi Plain, LLC ("Tupi Plain") (together referred to as the "Creditors").  Sharon Boyce appeared pro se and argued in support of Creditors' motion to stay further proceedings in this case pending their appeal of this Court's Memorandum of Decision and Order (Dkt. 83 & 84) which, *inter alia*, denied Creditors' motion to remove void judgment lien and disallowed Creditors' Proof of Claim No. 6.  The Trustee Richard J. Samson filed an objection to the Creditors' motion for stay pending appeal and appeared at the hearing in opposition.  No testimony or exhibits were admitted.  The Court heard argument from the parties, after which the Court took the matter under advisement.  After review of the motion and response, this Court's Memorandum of Decision (Dkt. 83), and the standard for granting a stay pending appeal, Creditors' motion for stay pending appeal is denied for the reasons set forth below.

Creditors' motion suggests that they might offer a bond for a stay pending appeal.

1

However, at the hearing Boyce stated that Creditors cannot afford to post a supersedeas bond. As a result, Creditors as the moving parties seeking a stay pending appeal must satisfy the requirements of F.R.B.P. Rule 8005.[1]

This Court considers four factors in determining a motion for stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

> 'A stay is not a matter of right, even if irreparable injury might otherwise result.' *Virginian R. Co.*, 272 U.S., at 672, 47 S. Ct. 222. It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.' *Id.*, at 672-673, 47 S. Ct. 222; *see Hilton*, supra, at 777, 107 S. Ct. 2113 ('[T]he traditional stay factors contemplate individualized judgments in each case'). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.

*Nken v. Holder*, 556 U.S. at 433-34.

Creditors' motion argues that all four factors weigh in favor of granting a stay pending

---

[1]  Rule 8005 reads in pertinent part:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

their appeal.  The Trustee's response argues that none of the factors weigh in favor of a stay.

The first factor Creditors must prove is whether they have made a strong showing that they are likely to succeed on the merits.  *Nken*, 556 U.S. at 434.  In support of this factor Creditors argue that they have a high likelihood of success on the merits for the same reasons which this Court discussed at length and rejected in its Memorandum of Decision, Dkt. 83, at pages 11 to 14, and pages 19 to 23.  Controlling Ninth Circuit authority holds that the automatic stay does not prevent a debtor from continuing to prosecute his own claims and motions.  *In re Palmdale Hills Prop., LLC,* 654 F.3d 868, 875 (9th Cir. 2011).  Creditors argue that the state court decisions are void in violation of the stay.  This Court disagreed in its Memorandum of Decision based on controlling Ninth Circuit authority, which courts in this circuit continue to follow.  *See, e.g., City of Del Rey Oaks v. Federal/JER Associates, LLC*, 2013 WL 3154000, *2 n.13 (N.D. Cal).  The Court concludes that Creditors failed their burden to make a strong showing that they are likely to succeed on the merits of their appeal with respect to the applicability of the stay to the Debtor's actions.  *Nken*, 556 U.S. at 434.

As to Creditors' Proof of Claim, this Court gave preclusive effect to state court decision under controlling state court authority and Ninth Circuit authority that Creditors are barred from relitigating their amended Claim 6 in this bankruptcy case.  In addition, the Court found that the Creditors' claim is barred based on the *Rooker-Feldman* doctrine discussed at *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) because of the final orders and judgments entered in the state court.  The Creditors have the burden to make a "strong showing" that they are likely to succeed on the merits.  *Nken*, 556 U.S. at 434.  This Court finds and concludes that they have failed to satisfy their burden under the first factor.

3

The second factor that Creditors must prove is whether they will be irreparably injured absent a stay. *Nken*, 556 U.S. at 434. Creditors argue they will suffer irreparable harm if the stay is not granted. They argue that they are subject to irreparable harm in case the Trustee proceeds with a distribution before they obtain a reversal of this Court's decision disallowing their claim on appeal. The Trustee responds that the only nonexempt asset of the estate is a judgment lien against the same Creditors, which is not subject to liquidation and distribution, until this Court's decision is final, and only then if it is affirmed.

The Trustee advised the Court that the first appeal briefs have been filed in Creditors' appeal, and a reply brief remains to be filed. The case docket shows that there is no pending or proposed distribution by the Trustee of property of the estate, and no evidence was offered that a distribution is contemplated during the pendency of Creditors' appeal. Therefore, the Court concludes that Creditors have failed to satisfy their burden to show that they will be irreparably injured if the stay pending appeal is not granted.

The third element Creditors must prove is whether issuance of the stay will substantially injure the other parties interested in the proceeding. *Nken*, 556 U.S. at 434. Creditors argue that no harm will come to the Debtor or estate because no action is required of them. At the hearing Boyce argued that any harm is slight to nonexistent. The Trustee argued at the hearing that if a stay is granted then he would have to incur expenses seeking relief in the state court, in part based upon Creditors' actions affecting property of the estate. The Court finds that the third factor is a wash, as the Trustee must expend fees and costs to oppose Creditors' appeal whether or not a stay is granted.

The fourth factor Creditors must prove is that the public interest will not be harmed if the

4

stay is granted.  They argue that a stay is needed to assure that the controlling law is followed and justice prevails, and that a stay is beneficial to the public interest to correct injustices and to determine the accurate interpretation of the law.  A stay pending appeal is not necessary to ensure that the controlling law is followed.  Creditors' appeal proceeds and a decision will be rendered by the Bankruptcy Appellate Panel whether or not a stay pending appeal is granted by this Court. Further, if this Court denies a stay pending appeal Creditors are free under Rule 8005 to seek a stay pending appeal from the Bankruptcy Appellate Panel.  The Court finds that the Creditors have failed their burden for a stay pending appeal with respect to the fourth factor.  *Nken*, 556 U.S. at 434.

In sum, Creditors failed their burden to show that three of the four factors weigh in favor of granting their motion for stay pending appeal.  In its exercise of its discretion this Court will deny Creditors' motion for stay pending appeal.

**IT IS ORDERED** a separate Order shall be entered denying Creditors' motion to stay proceedings pending appeal (Dkt. 88).


BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana